**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:

PRO LOGGING, INC.                           Case No. 18-12388-JDW

    Debtor                                          Chapter 11

-----------------------------------------------------------------------------------------------------------------

**MOTION OF TCF EQUIPMENT FINANCE, A DIVISION OF TCF**
**NATIONAL BANK, TO REQUIRE DEBTOR'S ASSUMPTION**
**OR REJECTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE**

**Now Comes** TCF Equipment Finance, a Division of TCF National Bank ("**TCF**"), by counsel, and moves the Court to require Pro Logging, Inc. ("**Debtor**") to assume or reject a lease of equipment in which Debtor is Lessor and TCF is Assignee/Lessee and states as follows:

    1.    The Court has jurisdiction of the parties and of the subject matter of this contested matter under 11 U.S.C. §1334, 28 U.S.C. §157(a) (and the Standing Order of Referral in this district), and §157(b)(1) & (2)(A) & (M).

    2.    This Chapter 11 proceeding was filed June 20, 2018, and Debtor serves as a Debtor-in-Possession in this case. The creditors' meeting under section 341 is scheduled for August 16, 2018.

    3.    On or about July 24, 2015, Debtor and Celtic Leasing Corp. ("**Celtic**") entered into that certain Master Lease Agreement Number CML-35944 (the "**Master Lease**"), a true and correct copy of which is attached hereto as **Exhibit A**.

1

4. On or about October 7, 2015, Debtor and Celtic entered into that certain Lease Schedule No. 3594A02 (with attached Addendum regarding additional liability of Debtor's affiliate Pro South, Inc.) (collectively the "**Schedule**") in which the personal property covered by and subject to the lease agreement is described in detail (the leased property being the "**Equipment**"). A true and correct copy of the Schedule is attached hereto as part of **Exhibit B**.

5. Attached to the Schedule is that certain Acceptance Certificate executed by Debtor which specifies February 25, 2016 as the commencement date of the lease arrangement (the "**Acceptance**"). A true and correct copy of the Acceptance is also attached hereto as a part of **Exhibit B**.

6. On or about February 25, 2016 Debtor and Celtic executed that certain Letter Agreement Revision (the "**Revision**") in which the terms of Exhibits A & B were revised to provide for monthly payments of $4275.00 rather than $4208.00. A true and correct copy of the Revision is attached hereto as **Exhibit C**.

7. On or about March 2, 2016, Celtic as lessor assigned and transferred for good and valuable consideration to TCF all of its right, title and interest in and to the transaction evidenced by Exhibits A, B & C, and notice was promptly provided to Debtor of the assignment. A true and correct copy of the Assignment of Lease and Notice to Debtor (collectively the "**Assignment**") is attached hereto as **Exhibit D**.

8. The Master Lease, Schedule, Acceptance, Revision and Assignment are referred to herein collectively as the "**Lease**."

9. By its terms, the Lease requires thirty-six (36) monthly payments to TCF of $4275.00 beginning March 1, 2016 and continuing through February 1, 2019, comprising a total rental, net of the required 7% tax, of approximately $153,900.00.

10. At the time of filing of Debtor's petition in this case, the Lease was, and currently remains, in default with thirteen (13) monthly payments remaining, five (5) of which were past due as of the filing date of June 20, 2018, consisting of a pre-petition amount due and owing of $21,375.00, plus tax at 7% amounting to $1496.25, plus accumulated late charges of $718.15, for a pre-petition arrearage total of $23,589.40 net of any allowable attorney's fees and costs (the "**Pre-petition Arrearage**").

11. In addition, the Lease contains a purchase option in favor of Debtor at conclusion, after all rental and associated charges have been paid, in the amount of $45,000.00 plus tax and any associated fees and charges incurred and owing at that time.

12. Since the date of the petition's filing in this case, two additional, post-petition lease payments of $4275.00 each have become due, owing and in default (July 1st 2018 and August 1st, 2018) in the combined amount, including 7% tax, of $9148.50. Six remaining, post-petition, monthly payments of $4275.00 each, plus tax at 7% on each ($299.25 each), for a total of $27,445.50 (September 1st, 2018 through February 1st, 2019), excluding chargeable late fees, costs and attorney's fees, have not yet accrued by the passage of time per the monthly payment schedule of the Lease, though the Lease is now fully in default according to its terms.

13. Debtor lists the Lease in its Schedule G, §2.5 as an unexpired lease. The provisions of 11 U.S.C. §365(d)(2), applicable in this chapter 11 case because the Equipment constitutes personal property of the Debtor, provide that the Court upon application of TCF may require the Debtor to determine whether to assume or reject the Lease within a specified period of time, which TCF suggests to be the business day following the date of hearing of this Motion.

14. If Debtor elects to assume the Lease, Debtor must also cure all pre-petition defaults by payment of, *inter alia,* the Pre-petition Arrearage, and provide adequate assurance of future performance as required by 11 U.S.C. §365(b)(1).

15. In addition, since the time allowed for Debtor's assumption or rejection of the Lease will as a matter of course extend beyond August 19, 2018 (60 days after the Order for Relief), the Court should require the Debtor to perform all obligations of the Lease thereafter coming due commencing with the September 1, 2018 payment until the Lease is assumed or rejected, as required by 11 U.S.C. §365(d)(5), without prejudice to the rights of TCF in the premises.

**WHEREFORE**, TCF prays that upon the filing and hearing of this Motion, the Court will enter its Order requiring the Debtor's assumption or rejection of the Lease pursuant to statute and as requested hereinabove, and will in all events require Debtor's present maintenance of its Lease obligations during the post-petition period as provided by statute, and TCF prays for such other and additional relief as may be just and proper under the circumstances.

**DATED**: August 3, 2018.

Respectfully Submitted,

/s/***James T. Milam***
James T. Milam
MSB #3259
Milam Law PA

**OF COUNSEL:**
**MILAM LAW PA**

300 S. Spring St.
Tupelo, MS 38804
662-205-4815 (P)
888-510-6331 (F)
jtm@milamlawpa.com