IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   PRO LOGGING, INC.                                              CHAPTER 11
           Debtor                                                         CASE NO. 18-12388-SDM

ANSWER AND OBJECTION TO MOTION TO
APPROVE TRANSFER OF REAL ESTATE

COMES NOW Colonial Funding Network, Inc., as servicing provider for Money Works Direct, Inc. a/k/a Supersonic Funding ("Colonial"), and files this its Answer and Objection to Motion to Approve Transfer of Real Estate (the "Motion") **[DK #116]**, and in support thereof would respectfully shows as follows, to-wit:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted with regard to Debtor and Pro South's proposed financing; denied as to application of proceeds and entitlement thereto for the reasons set forth hereinafter. The Motion lacks significant information and detail necessary for its approval including, but not limited to, the following: (a) information as to the validity, priority and extent of the liens of Regions and the Internal Revenue Service asserted against the assets of Pro South, Pro Logging and Pro Trucking; (b) documents that support any security interest asserted by Regions and the lien asserted by the IRS against the assets of Pro South, Pro Logging and Pro Trucking, together with amounts owed; (c) the specific equipment encumbered by the purported lien of Regions and the value thereof.

5. Admitted, for purposes of the Motion. Affirmatively, the Motion lacks significant information and detail including, but not limited to, the following information: (a) a description of the real estate owned by Pro Logging, together with any improvements thereon and the value of that

real estate; (b) the loan documents involved in the contemplated transaction; (c) the consideration Pro Logging is to receive for pledging/transferring its collateral for the contemplated loan; (d) the encumbrances, together with the amounts thereof, upon the real estate owned by Pro Logging that is contemplated to be transferred to Pro South; (e) the amount of loan proceeds to be paid to Regions Bank; (f) the loan proceeds to be paid to the Internal Revenue Service; (g) whether Pro Logging and Pro South are indebted to Regions Bank and/or the Internal Revenue Service and the amounts thereof, if any; and (h) whether Pro Logging is indebted to Pro South and whether Pro South is indebted to Pro Logging.

6. Admitted as to what the Debtor alleges with respect to the loan proceeds; denied as to entitlement thereto without strict proof thereof and the information necessary to make an informed decision set forth in the next preceding paragraph.

7. Admitted as to what the Debtor seeks; denied as to entitlement thereto absent significant and additional information requested in Paragraph 4 and 5.

8. Admitted that the Debtor believes the transfer is in the best interest of the estate and creditors; denied as to entitlement thereto without adequate information such as that requested in Paragraph 4 and 5, so that an informed determination can be made as to whether the contemplated transaction, and the use of the loan proceeds in connection therewith, are actually in the best interests of the estate and creditors.

9. Colonial admits that the noted Bankruptcy Code section speaks for itself.

10. Colonial admits that one of the criteria that bankruptcy courts have used in considering a debtor's sale of assets outside the ordinary course of business is if the debtor can demonstrate a sound business justification for the proposed transaction. However, there are numerous other standards or considerations that courts utilize in ruling upon such a motion.

11. Colonial admits that one of the considerations for the bankruptcy courts to approve a sale outside the ordinary course of business is whether a good business reason exists for the sale; however, that is not the only consideration and Colonial doubts it is the "key" consideration.

12. Admitted that the Debtor believes that the transfer is in the best interest of the Debtor and its creditors; denied as to entitlement to the transfer in the absence of meaningful and significant information that justifies the sale transaction and use of the loan proceeds. Moreover, the notice provided may very well be insufficient or lacking.

13. Admitted as to the Debtor's requests with respect to a waiver of the fourteen day stay in connection with sale orders; denied as to entitlement thereto without significant and additional information, such as requested in Paragraph 5, that will allow creditors and the Court to make a much more informed decision with respect to the contemplated transaction.

## Last Unnumbered Paragraph

Colonial denies that the Debtor is entitled to the relief requested in the last unnumbered paragraph absent significant and meaningful disclosures, and additional information which could lead the Court and creditors to believe, once the facts are determined, that the contemplated transaction is, in fact, in the best interests of the estate and all creditors.

WHEREFORE, PREMISES CONSIDERED, Colonial respectfully prays that upon a hearing hereof that this Honorable Court will enter its order denying the Motion, absent the supplying of sufficient information (such as that requested in Paragraph 5) that will justify the Court in finding that the contemplated transaction is, in fact, in the best interest of creditors and the estate. Colonial reserves all rights to assert additional objections and defenses since it lacks significant information with respect to the Motion and reserves the right to address any additional issues at the hearing on the Motion or in supplemental briefing with respect thereto. Colonial prays for general relief.

This the _2d_ day of November, 2018.

        Respectfully submitted,

        COLONIAL FUNDING NETWORK, INC.

        By Its Attorneys,

        LAW OFFICES OF CRAIG M. GENO, PLLC

        By: _/s/ Craig M. Geno_
            Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Colonial Funding Network\Pro Logging\Pleadings\Resp to Debtor's M to Approve Transfer of Real Estate Revised 11-2-18.wpd

## CERTIFICATE OF SERVICE

    I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
sammye.s.tharp@usdoj.gov

Joe A. Joseph, Esq.
jjoseph@burr.com

Karen B. Schneller, Esq.
karen.schneller@gmail.com

John A. Thomson, Jr., Esq.
john@thomson@arlaw.com

THIS, the _2d_ of November, 2018.

        _/s/ Craig M. Geno_
        Craig M. Geno